RECEIVED
IN ALEXANDRIA, LA.
MAY 1 9 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JAMES M. THORNTON (#41737050)     DOCKET NO. 14-CV-447; SEC. P

VERSUS     JUDGE DEE D. DRELL

USA, ET AL.     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint of Plaintiff James M. Thornton, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act[2] (FTCA). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution (FCI) in Pollock, Louisiana. He names as defendants the United States of America, the Federal Bureau of Prisons, and FCI Pollock. He complains that he was incorrectly diagnosed by FCI Pollock medical employees.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on April 8, 2012, he suffered a rupture

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

of his right Achilles tendon while playing basketball in the gym at FCI Pollock. [Doc. #1, 4] The "weekend nurse" gave Plaintiff an ice pack and Ace bandage and told him to report to sick call the next morning. On April 9, 2012, Plaintiff was examined in sick call. He was diagnosed with a strain, prescribed seven days of ibuprofen, and instructed to stay off of his feet as much as possible. [Doc. #1, 4] Plaintiff returned to sick call on April 12, 2012, and was prescribed two additional weeks of ibuprofen. He was denied crutches by Nurse Dunbar. [Doc. #1, 4] X-rays were taken on April 17, 2012, and Plaintiff was prescribed more ibuprofen as well as twelve days of prednisone. Plaintiff returned to sick call after completing the prednisone treatment. He was informed that the x-rays were negative, and to return to sick call the following day.

On May 10, 2012, Plaintiff was examined by Nurse Practitioner Cynthia Roberts. She placed him on an emergency list to see an orthopedist, and prescribed a stronger pain medication. [Doc. #1, 4] On May 18, 2012, Plaintiff was examined by an orthopedist's physician's assistant who diagnosed the injury as a ruptured tendon. He put Plaintiff's leg in a cast and "informed him that it was too late to perform the necessary surgery to repair his Achilles." Plaintiff's cast was removed on June 29, 2012, and replaced with a walking boot. An ultrasound was performed on August 3, 2012, which showed incomplete healing of the tendon.

[Doc. #1, 4]

On September 4, 2012, Plaintiff received Platelet Rich Plasma injections. On September 7, 2012, the physician's assistant demonstrated exercises for Plaintiff that would help his recovery. The walking boot was removed on September 26, 2012, and Plaintiff was instructed to ambulate in a shoe. After reporting to medical with additional complaints on October 5, 2012, and February 22, 2013, Plaintiff's medication was changed and an orthotic brace was prescribed. [Doc. #1, #4] Plaintiff's foot was cast in order to make a custom brace for his ankle. On May 10, 2013, Plaintiff was granted a consultation with an orthopedist specialist. On June 14, 2013, Plaintiff was instructed as to additional stretches for his condition. He received the custom brace on June 20, 2013, and he filed his administrative federal tort claim that same day. The claim was denied on October 31, 2013.

### *Law and Analysis*

Plaintiff is a federal prison inmate who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint,

or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662 (2009).

I. *Bivens* claims

In Bivens, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. Bivens is "the counterpart to 42 U.S.C. §1983," and it extends the protections afforded under §1983 to parties injured by federal actors. Chapman v. United States, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n. 8 (N.D.Tex. Dec.27, 2006); see also Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir. 2005) (per curiam). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, however, a

plaintiff has no viable claim under Bivens. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(recognizing that "[a] Bivens action is analogous to an action under §1983 — the only difference being that §1983 applies to constitutional violations by state, rather than federal, officials").

A Bivens action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir.1999). Nor may a Bivens action be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Moore v. United States Dep't of Agriculture, 55 F.3d 991, 995 (5th Cir. 1995).

Even if Plaintiff had named the individuals as defendants, he would still fail to state a claim for which relief can be granted. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

5


substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

This state of mind "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. See Gobert, 463 F.3d at 346. "Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001) (internal quotation marks and citation omitted).

Plaintiff received extensive medical treatment in this case, including a cast, a "walking boot," and a custom orthotic brace. His complaints were not ignored, and he does not allege that the FCI-Pollock employees acted with deliberate indifference. He clearly disagrees with the course of treatment, but that does not state a claim of a constitutional violation. Thus, even if Plaintiff had named individual defendants in their individual capacities, his Bivens claim would be subject to dismissal.

## II. FTCA Claim

In the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-2680; Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2008). It is not apparent from the complaint that Plaintiff's claims fall within any of the exceptions set forth in 28 U.S.C. § 2680 that limit the liability of the United States. See Ashford v. United States, 511 F.3d 501, 504-05 (5th Cir. 2007). Plaintiff attached an exhibit indicating that he exhausted his administrative remedies as required by the FTCA, and his complaint in this Court was timely filed. Thus, his FTCA claim against the United States survives judicial screening and should be allowed to proceed.

### *Conclusion*

For the foregoing reasons, it is recommended that Plaintiff's Bivens claim only be denied and dismissed with prejudice pursuant to §1915A and §1915(e)(2)(b), and that all defendants be dismissed except the United States of America - the only proper defendant in an FTCA suit. The FTCA claim will be served on the United States pursuant to a separate order of the Court.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of May, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE